IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 15, 2002

## BUSTER CHANDLER, JR. v. DON SUNDQUIST, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 00C-3458     Walter C. Kurtz, Judge**

---

### No. M2001-00274-COA-R3-CV - Filed August 20, 2002

---

A Kentucky prisoner filed suit in a Tennessee court, claiming that he was entitled to be pardoned so that he could stand trial for murder in this state.  The trial court dismissed his complaint for failure to state a claim for which relief can be granted.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ, joined.

Buster Chandler, Eddyville, Kentucky, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Dawn Jordan, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.

The appellate brief of Buster Chandler, Jr. contains an extraordinary admission: that he murdered a woman in Knoxville, Tennessee, transported the victim's body to Lexington, Kentucky, and left it there.  After his face was shown on America's Most Wanted, he was arrested in Nashville, and extradited to Kentucky to stand trial for murder.  His attorney advised him that he stood a better chance of avoiding the death penalty if he was tried in that state.  At trial, he apparently did not dispute the claim that his victim was murdered in Kentucky.  He was found guilty and presumably received an appropriate sentence.

Writing from a Kentucky prison, Mr. Chandler filed a complaint in the Davidson County Circuit Court for violation of 42 U.S.C. 1983.  He claimed that he was entitled to stand trial in Knox County for the murder; that the only way this could be accomplished would be if Kentucky Governor

Paul Patton pardoned him; that he wrote to Tennessee Governor Don Sundquist asking him to request such a pardon from the Kentucky Governor, and that he received no response. He claimed that he also contacted the Tennessee Attorney General for assistance, and again received no response.

The complaint named Don Sundquist, Ned Ray McWherter, Paul Patton, Paul Summers, and "all other John and Mary Does" as defendants, and asked for $50,000 in compensatory damages and $50,000 in punitive damages from each defendant, on the theory that their failure to procure a pardon for him somehow amounted to a deprivation of his constitutional rights. Governor Sundquist and General Summers moved the trial court to dismiss the claim for failure to state a claim for which relief can be granted. *See* Tenn. R. Civ. P. 12.02(6). On January 17, 2001, the court quite appropriately granted the motion. The court noted that Tennessee has no jurisdiction in this matter, and found that the contention that it does is totally frivolous. This appeal followed.

## II.

The basis of Mr. Chandler's complaint is the implicit argument that Kentucky did not possess jurisdiction to try him for a murder allegedly committed in the State of Tennessee. The proper time to assert lack of jurisdiction, of course, is during trial, but Mr. Chandler did not raise that defense because he thought it would be to his advantage not to. Even if proper jurisdiction over this case lay only in this state, however, the courts of Tennessee have no power to reverse the judgment of the Kentucky court.

Mr. Chandler may be correct in asserting that the Governor of Kentucky has the power to pardon him, and that if Governor Patton exercised his pardon power, a subsequent murder prosecution in Knoxville would follow. We think it likely also that a pardon request from the Governor of Tennessee would have more chance of success than a pardon request from a convicted murderer.

But there is no authority for the proposition that Governor Sundquist or any other public official is obligated to make such a request, or that Mr. Chandler has a constitutional or statutory right to have them intervene on his behalf. The trial court was correct in dismissing his complaint and in finding it frivolous. We find this appeal to be frivolous as well.

## III.

The order of the trial court is affirmed. Remand this cause to the Circuit Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Buster Chandler.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.